IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 






NO. 1052-03







DAVID DANIEL LAUER, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY







 The opinion was delivered Per Curiam. WOMACK J. not
participating.

O P I N I O N 




 Appellant was convicted of capital murder and his punishment was assessed at life. The
Court of Appeals affirmed the conviction. Lauer v. State, No. 03-01-00625-CR (Tex. App.-
Austin, delivered May 30, 2003). Appellant has filed a petition for discretionary review.

 Appellant contends the Court of Appeals erred by holding that he failed to preserve
error for his claim that the search warrant for his truck was invalid. A hearing on Appellant's
motion to suppress was held during the State's case in chief. The search warrant and affidavit
were admitted for purposes of the hearing, and the trial court denied the motion, ruling that the
warrant was valid. Appellant's designation of record requested that the court reporter include
all exhibits in the appellate record. After Appellant's brief was filed, the Court of Appeals
granted Appellant's motion to supplement the record with exhibits missing from the reporter's
record, including the search warrant and affidavit. The record does not reflect that the court
reporter complied with this order or that the Court of Appeals made further inquiry into this
matter. In its opinion, the Court of Appeals held that error was not preserved for three reasons.

 First, the Court of Appeals held that error was not preserved because the record did not
include the search warrant and supporting affidavit. The Court of Appeals' opinion relied on
caselaw decided before the Rules of Appellate Procedure were amended in 1997. Prior to
amendment, Rule 50 (d) provided, "The burden is on the appellant, or other party seeking
review, to see that a sufficient record is presented to show error requiring reversal." The
current Rule 34.6, entitled "Reporter's Record," does not include this provision. The official
comment to the 1997 change under Rule 34.6, states, "Former Rule 50 (d), regarding the
burden to file a complete record, is repealed." The Court of Appeals erred by holding that
Appellant failed to preserve error due to the missing exhibits when the exhibits were admitted
into evidence, Appellant's designation of record requested the exhibits, the Court reporter
failed to include the exhibits in the appellate record, and there is no indication that the exhibits
are missing through any fault of Appellant's.

 Second, the Court of Appeals held that Appellant failed to preserve error because his
brief did not identify any evidence admitted at trial that was seized pursuant to the warrant. 
However, Appellant's brief states that a member of the Austin Crime Scene Unit received
Appellant's truck pursuant to a search warrant and took samples of a substance from the bed
of the truck. One of these samples was identified as containing the victim's DNA. Appellant's
brief includes record citations showing where this testimony appeared. (Appellant's brief, p.
12). The Court of Appeals' opinion referred to this evidence and relied upon it in its
sufficiency analysis. Therefore, the Court of Appeals erred by holding that Appellant failed
to identify any evidence seized pursuant to the search warrant.

 Third, the Court of Appeals held that Appellant, "failed to direct our attention to any
place in the record where he objected to the admission of that evidence on grounds that it had
been unlawfully seized." In a footnote, the Court of Appeals noted that Appellant's post-submission brief referred the Court to portions of the record where rulings on various motions
occurred. The Court of Appeals stated that in those specified portions of the record, no
evidence allegedly seized pursuant to a search warrant was identified, offered, objected to, or
admitted into evidence. The Court of Appeals also pointed out that the suppression hearing was
not held pre-trial, but after two days of testimony. Appellant's brief referred the Court to the
portion of the record where the hearing on Appellant's motion to suppress was held. 
(Appellant' brief, p. 32). This hearing was held outside the presence of the jury and before the
evidence seized from Appellant's truck was admitted before the jury. According to TRE 103
(a)(1), "When the court hears objections to offered evidence out of the presence of the jury
and rules that such evidence be admitted, such objections shall be deemed to apply to such
evidence when it is admitted before the jury without the necessity of repeating those
objections." Because the trial court ruled on the validity of the search warrant outside the
presence of the jury, Appellant was not required to object to the admission of the evidence
obtained as a result of the search warrant at the time that evidence was offered before the jury.

 For the reasons set out above, the Court of Appeals erred by determining that Appellant
failed to preserve error in his challenge to the validity of the search of his truck. Accordingly,
we grant Appellant's first ground for review, vacate the judgment of the Court of Appeals, and
remand to that court for reconsideration of Appellant's point of error challenging the trial
court's ruling on the validity of the search warrant. Appellant's remaining grounds for review
are refused. 


Delivered: February 11, 2004

Do not publish